IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZACHARY WALKER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4133-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim, filed October 22, 2012. No response to the motion was filed by Plaintiff. After reviewing the motion, pleadings, and applicable law, the court **grants** JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim, and **dismisses** this action **with prejudice**.

**I.    Background**

Plaintiff Zachary Walker ("Walker") originally filed this action on October 12, 2012, in the 116th Judicial District Court, Dallas County, Texas, asserting a claim under the Texas Deceptive Trade Practices Act ("DTPA") against JPMorgan Chase Bank, N.A. ("JPMC"). Walker also seeks injunctive relief to prevent JPMC from foreclosing on property located at 3209 Ridge Oak Drive, Garland, Texas. JPMC removed the case to federal court on October 15, 2012, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. On October 22, 2012, JPMC moved to dismiss Walker's DTPA claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, if its motion to dismiss is denied, JPMC requests that Walker be required to replead because his

allegations are vague and ambiguous. As noted above, Walker did not file a response to JPMC's motion to dismiss.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial

of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

### A. The DTPA Claim

Walker alleges in his Original Petition ("Petition") that JPMC made false, misleading and deceptive representations in connection with a home loan modification that he requested. According to Walker, JPMC made the aforementioned representations "as to the process related to his loan modification agreement and status." Pl.'s Pet. 3. Walker asserts that these representations by JPMC constitute violations under the DTPA and that he is a consumer for purposes of the DTPA. JPMC moves for dismissal of Walker's DTPA claim, contending that Walker does not qualify as a consumer because Walker's request for a loan modification does not constitute the purchase or lease of goods or services. The court agrees.

The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); Tex. Bus. & Com. Code § 17.50(a)(1). Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App. San Antonio 2002, pet. denied). A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984). A lender, however, may be subject to a DTPA claim if the borrower's "objective" is the purchase or lease of a good or service. *Id.* at 567. "[T]he key principle in determining consumer status is that

the goods or services purchased must be an *objective* of the transaction, not merely incidental to it." *First State Bank v. Keilman*, 851 S.W.2d 914, 929 (Tex. App.   Austin 1993, writ denied)).

A request to modify an existing loan does not involve a good or service. *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011) (concluding that when a plaintiff seeks a modification of an existing loan, such action is "analogous to refinancing services" and does not qualify the plaintiff as a consumer under the DTPA); *Horne v. Bank of America*, N.A., No. 4:12-CV-622-A, 2012 WL 6097682, at *5 (N.D. Tex. Dec. 6, 2012); *Cavil v. Trendmaker Homes, Inc.*, No. G-10-304, 2010 WL 5464238, at *4 (S.D. Tex. Dec. 29, 2010) ("[A] mortgage or modification of a mortgage is not a good or service under the DTPA."). Accordingly, Walker's request to modify an existing home loan does not involve a good or service for purposes of the DTPA, and he cannot qualify as a consumer under the DTPA. Walker's DTPA claim therefore fails as a matter of law, and JPMC is entitled to dismissal of this claim. Further, the court's determination regarding Walker's DTPA moots JPMC's alternative motion for more definite statement and Walker's request for injunctive relief.

### B.     Injunctive Relief and More Definite Statement

JPMC contends that Walker is not entitled to injunctive relief if he fails to state a substantive underlying claim. The court agrees. To be entitled to injunctive relief, Walker must show, among other things, a substantial likelihood that he will prevail on his DTPA claim, the sole substantive claim asserted by him in his Petition. As the court has ruled that the DTPA claim fails as a matter of law, it is therefore impossible for Walker to prevail on his request for any type of injunctive relief. Accordingly, the court denies his request for such relief.

With respect to JPMC's request for a more definite statement, the court determines that such request is moot. The court has ruled that a DTPA claim is not legally viable, and no amount of repleading can state a DTPA claim because Walker is not a consumer.

## IV.   Amendment of Pleadings

In response to JPMC's motion to dismiss, Walker did not request to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Walker has not previously amended his pleadings; however, because the court has ruled that his DTPA claim is not legally viable, no amount of artful or creative pleading of facts will permit him to state a DTPA claim upon which relief can be granted. The court therefore concludes that Walker cannot set forth any allegations to state a claim upon which relief can be granted regarding his DTPA claim, and that further attempts to amend would be futile and unnecessarily delay the resolution of this action. Accordingly, the court will not allow Walker an opportunity to amend his pleadings.

**Memorandum Opinion and Order – Page 6**


## V.     Conclusion

For the reasons herein stated, the court concludes that Walker has failed to a state claim upon which relief can be granted. The court therefore **grants** JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim, and **dismisses** this action **with prejudice**. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 13th day of December, 2012.

Sam A. Lindsay
United States District Judge